## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-60170-CIV-ROSENBAUM

THE NORTHERN ASSURANCE COMPANY
OF AMERICA,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

      Defendant.

_____/

### ORDER DENYING MOTION TO DISMISS

This matter is before the Court on Defendant Auto-Owners Insurance Company's Motion to Dismiss [ECF No. 7]. The Court has reviewed the Motion and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Court denies the Motion to Dismiss.

### I. Background

In this matter, Plaintiff Northern Assurance Company of America seeks a declaratory judgment as to the priority of coverage between two insurance policies with respect to an underlying state-court proceeding currently pending in the Seventeenth Judicial Circuit in and for Broward County, Florida. In the state-court action, styled *Ray Lequerique v. Aqua Toy Store, Inc.*, Case No. 10044443, Ray Lequerique alleges that he was injured while visiting David Giannone, Inc., a property owned by the Anthony Family Limited Partnership and leased to the Aqua Toy Store, Inc. *See* ECF No. 11 at ¶¶ 1-2.

The Aqua Toy Store is insured under a Marina Operators Legal Liability insurance policy

issued to it by Plaintiff Northern Assurance.  *Id.* at ¶ 3.  David Giannone, Inc., is insured under a Commercial General Liability ("CGL") insurance policy issued to it by Defendant Auto-Owners. *Id.* at ¶ 4.  The Aqua Toy Store and the Anthony Family Limited Partnership are also listed as additional insureds under the CGL policy.  *Id.* at ¶ 5. The thrust of Plaintiff's Complaint is that Auto Owners' CGL policy—not the Northern Assurance policy—provides primary coverage to the Aqua Toy Store and the Anthony Family Limited Partnership with respect to the state-court lawsuit, so Defendant must assume the sole primary obligation to defend and indemnify the Aqua Toy Store and the Anthony Family Limited Partnership in the underlying litigation.

Defendant moves to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff failed to attach the relevant policies to the Complaint; (2) Plaintiff does not specify whether it seeks relief under the Florida Declaratory Judgment Act or under the federal declaratory judgment statute; and (3) Plaintiff failed to join indispensable parties to the action.  As Plaintiff has since filed both insurance policies and expressly states in its Complaint that it seeks declaratory relief pursuant to 28 U.S.C. § 2201, the Court rejects as moot Defendant's first two arguments.  Thus, the only remaining issue is whether the Complaint should be dismissed for failure to join indispensable parties.

## II. Discussion

Defendant argues that the tort claimants in the state-court proceeding, Ray Lequerique and Monique Lequerique, are indispensable because the outcome of this action "could impede [their] ability to protect their interest in the underlying suit."  ECF No. 12 at 4.  Plaintiff refutes this contention, asserting that the Lequeriques' interest will not be affected by a declaratory judgment because Plaintiff does not dispute the existence of coverage under the policy, but rather, seeks only

a determination as to the priority of coverage between its policy and Defendant's.

Whether an absent party is indispensable is governed by Rule 19, Fed. R. Civ. P.  When determining whether a party is indispensable, a court is faced with two inquiries.  First, "the court must decide, under the standard articulated in Rule 19(a), whether the party at issue is one who should be joined if feasible."  *Developers Sur. & Indem. Co. v. Harding Village, Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *3 (S.D. Fla. Feb. 9, 2007) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003)).  Under this inquiry, a person should be joined if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Second, if the court concludes that the absent party is necessary but joinder is not feasible, the court "must inquire whether, applying the factors in Rule 19(b), the litigation may continue."  *James River v. Dimauro*, 258 F.R.D. 543, 544 (S.D. Fla. 2009) (citing *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 669 (11th Cir. 1982)).  In particular, the Court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed."  *Id.*  The party invoking mandatory joinder under Rule 19 bears

the burden of demonstrating the indispensable nature of the party sought to be joined. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011); *see also Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises, PLC*, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2001) ("The burden is on the moving party to establish indispensability.").

In this case, the Court agrees with Plaintiff that the Lequeriques are not necessary parties to this action, within the contemplation of Rule 19(a)(1), Fed. R. Civ. P. First, the parties do not appear to dispute the Court's ability to accord complete relief among the existing parties. And second, Defendant has not satisfied its burden of convincing the Court that disposition of this action in the Lequeriques' absence will impair or impede their ability to protect their interests.

In support of its position, Defendant cites *American Safety Casualty Insurance Co. v. Condor Associates, Ltd.*, 129 F. App'x 540 (11th Cir. 2005), for the proposition that tort claimants are indispensable parties to declaratory-judgment actions. Significantly, however, that case involved a declaratory-judgment action seeking a determination that the insurer had no duty to defend or indemnify the insured in the underlying litigation. Because such a determination would prejudice the absent tort claimants by impeding their ability to recover damages, the Eleventh Circuit concluded that the district court did not err in finding that the tort claimants were indispensable.

Unlike the insurance company in *American Safety*, however, Plaintiff in this case does not dispute the availability of coverage under its policy.[1] Rather, it argues simply that Defendant's policy offers primary liability coverage, and therefore, that policy takes priority with respect to the claims in the underlying lawsuit. Moreover, Plaintiff maintains that the Lequeriques will not be

---

[1] To the contrary, Plaintiff states that it is currently defending the insureds in the underlying lawsuit.

prejudiced by the outcome because both policies contain one-million-dollar liability limits. Defendant provides no meaningful response to these arguments, merely reiterating that the outcome of the declaratory action will "clearly" affect the interests of the state-court plaintiffs. As Defendant bears the burden of establishing indispensability under Rule 19 and it has not adequately explained how the absent parties will be prejudiced by allowing this case to continue without them, Defendant's Motion is denied.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Auto-Owners Insurance Company's Motion to Dismiss [ECF No. 7] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 8th day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record